## P. H. ALLEN v. GEORGE E. LONG.

### No. 6745.

1. **Joint Stock Company.**—Definition by Bouvier, Law Dictionary volume 2, page 9, adopted of joint stock company as "An association of individuals for the purpose of profit, possessing a common capital contributed by the members composing it, such capital being commonly divided into shares of which each member possesses one or more, and which are transferable by the owner. The business is under the control of certain selected individuals called directors. A quasi partnership, whereof the capital is divided, or agreed to be, into shares so as to be transferable without the express consent of all the copartners."

2. **De Facto Corporation.**—It is only where there has been an effort to conform to the forms of law in establishing a corporation and some formal defect exists merely as to the mode of complying with the law, and the body is dealt with and acts as a corporation, that it is regarded as one *de facto*.

3. **Joint Stock Association.**—An association of persons for common object of profit, with capital divided into shares, controlled by directors but not having the sanction of State authority under the laws for incorporating such associations, can not be a corporation. It is a joint stock association governed by the general laws of partnerships.

4. **New Company.**—A joint stock company ceased operations in 1875. It was out of debt and elected no officers. In 1883 the last president by newspaper notice called a meeting for alleged purpose of reorganizing. A part of the stockholders of the old company attended, and with many new members they formed an association with the old name. The new organization bought new grounds, erected buildings, and made debts. To meet its debts it sold the land of the old association, which at the time of sale was occupied by a stockholder of the old who had never participated in the new organization. *Held:*

1. That the two organizations were not the same but distinct bodies.

2. That the new had no power over the property of the old and its sale was void.

3. That upon the cessation of business by the old the members were tenants in common of its property.

5. **Possession as Title Against a Trespasser.**—The plaintiff deraigned title from the sale by the new company. The defendant was in possession simply asserting his right as a tenant in common by reason of his ownership of shares in the defunct company. *Held*, that as plaintiff had not had actual possession from the new company, and as the defendant was not a trespasser, the defendant was entitled to recover in an action of trespass to try title, although the plaintiff by estoppel had become by his purchase owner of an interest of some of the shareholders of the old in their action in the new company.

APPEAL from Lamar. Tried below before Hon. E. D. McClellan.

In the main the pleadings and issues of this case as well as the summary of the evidence are fully and fairly stated in the able brief of appellant's counsel. Our statement of the case will be drawn largely from that brief.

On the 27th of May, 1886, appellant sued appellee for the recovery of thirteen and six-tenth acres of land and for damage and rents, and sued out a writ of sequestration, by virtue of which the sheriff took possession of the land.

On the 26th day of September, 1887, appellee G. E. Long (defendant) filed a second amended original answer, consisting of:

1.   General denial and plea of not guilty.

2.   A cross-bill, in which he set up substantially that in July, 1868, defendant's father, Sam Long, and other owners conveyed the land in controversy to the Lamar County Agricultural and Mechanical Association; that the consideration paid to the grantors in the deed was twenty-two shares of stock in the association, and that two of the grantors, to-wit, Sam and Ed Long, should never be charged with gate fees or dues to the association; that on failure of the grantee to use the ground for fair ground purposes it should revert to the original grantors.   That the association was not incorporated, but was a voluntary association or partnership.   That in 1875 the association "collapsed" or was dissolved, and Sam Long was put in possession of the land with the consent of the stockholders, where it remained until Sam Long's death, and since then in possession of defendant, and all the time under fence; that the association has ceased to act and to exist since 1875; that its articles of association and its books are lost, and it has no *de facto* directors known to defendant, and that defendant can not find out the names of a large number of its stockholders or directors.   That in July, 1883, a few of the stockholders and others not stockholders organized a new voluntary association for the purpose of forming a race track company and for making claim to said land—organized in the name of the old association; claimed and ordered the sale of the land in controversy; that the new organization was no part of the old one; that the defendant then and now owns twenty-two shares of stock in the old association; that he and many others of the old took no stock in the new association and have had nothing to do with the latter; that the new association increased its capital stock, went into partnership with another race track company, bought other grounds, became indebted, and on the 20th day of January, 1886, conveyed the land in controversy to defendant W. T. Gunn, one of its directors; that Gunn conveyed it to plaintiff Allen on the 13th day of May, 1886.   (Appellant's brief.)   That the new association acquired or had no right or title to convey the land; that it assumed the name of the old association to defraud the defendant and other stockholders of the original association; that the acts of the directors of the new concern, particularly in conveying the land to Gunn, are *ultra vires* and void and incapable of ratification unless by every member of the old association, which has not been done; that the board of directors or a majority of the stockholders had no authority to consolidate with the "Race Track Company," another distinct association, etc.; that defendant is only holding the land in trust for himself and the other stockholders of the original association, whose title he does not dispute; that plaintiff Allen and the directors of the new concern have confederated

together and are trying to sustain the sale and the latter are adopting the pleadings of the former, and therefore he can not sue in the name of the company or through the directors.    He asks that said Gunn and the new association be made parties to the suit and for the cancellation of the deeds made by the new association to Gunn and the other deed from Gunn to the plaintiff.    The new association and Gunn were made parties to the suit by order of court, and they adopted the pleadings of the plaintiff.    He sued in the usual form of trespass to try title to recover the entire land and not for partition.    In his supplemental petition he pleaded estoppel against defendant Long, and also that there was and never had been but one association, and that what defendant alleges to be a new association from 1883 was in fact only a reorganization and continuation of the original Lamar County Agricultural and Mechanical Association, etc.    The court simply rendered judgment in favor of the defendant for costs and that the plaintiff take nothing by his suit.    The deed conveying the land to Gunn, who subsequently conveyed it to plaintiff in 1886, was executed by the president and secretary of the association of 1883 and confirmed by the directors of that association.    [This statement accompanied the opinion.]

*Hale & Hale,* for appellant.—1. The finding of fact by the court that there were two separate and distinct joint stock associations by the name of the Lamar County Agricultural and Mechanical Association was error, because such finding is not justified or sustained by the facts proved on the trial, and is in conflict therewith.

2.    The court's conclusions of law are erroneous, because defendant Geo. E. Long was and is a naked trespasser; did not claim the land; failed to deraign his title when called upon to do so by plaintiff; did not plead or prove any title to the land in controversy.    Appellee G. E. Long is a trespasser without title or interest in the land, or right to possession, against whom appellant or the association or W. T. Gunn is entitled to a judgment.    Rev. Stats., art. 4797; Webster v Mann, 52 Texas, 423, 424; Duren v. Strong, 53 Texas, 381; Kolb v. Bankhead, 18 Texas, 232; Wilson v. Palmer, 18 Texas, 592; Brown v. Wildey Lodge, Records of Opinions of the Supreme Court at Austin, vol. 3, pp. 295–298; Ney v. Mumme, 66 Texas, 268; 1 Washb. Real Prop., 18.

3.    (1) The plaintiff having the legal title to at least an undivided interest as joint tenant, and also an equitable title to the whole, was entitled to recover the whole against a trespasser, and the judgment ought to have been for plaintiff.

(2) The plaintiff was entitled to recover on the prior possession of himself and his vendors as against a trespasser, and it was an error to find for the defendant Long.

(3) The action and ruling of the court in giving judgment for Long against the Lamar County Agricultural and Mechanical Association,

which had been made a party by defendant Long, was error, because as against said association defendant Long was a naked trespasser, showed no title or right in himself.

The assignment of errors of W. T. Gunn and the Lamar County Agricultural and Mechanical Association are as follows:

1.   The court erred in rendering judgment against them and in favor of Geo. E. Long, because he (Long) was a trespasser, set up no title, failed to deraign or show any title, and was not authorized to recover for either of these defendants.

2.   The court erred in deciding that Geo. E. Long was not estopped by his words and acts to claim the land in controversy.

3.   The prior possession of the Lamar County Agricultural and Mechanical Association, as well as its title, were a sufficient right to prevent a recovery by Geo. E. Long, who was a trespasser, without right or title, and the judgment ought not to have been for the defendant. Caplen v. Drew et al., 54 Texas, 493; Keys v. Mason, 44 Texas, 142, 143.

This association was a corporation or some kind of *de facto* association, so held and regarded by the public, and appellee can not attack it collaterally.   14 Am. and Eng. Corp. Cases, 7; Taylor on Corp., sec. 153; 1 Mora. Corp. Cases, sec. 6; 2 Mora. Corp. Cases, sec. 989; 10 Wall, 566; Sons of Temperance v. Aston, 16 Am. and Eng. Corp. Cases, 94.

*E. D. Scales*, for appellee.

MARR, JUDGE.—We make the following extracts from the conclusions of fact found by the court as we find them in the transcript in order to present the points at issue:

"1.   Some time in 1868 the Lamar County Agricultural and Mechanical Association was organized as a joint stock company for the purpose of holding fairs in said county, and consisted of a large number of members who took shares in said association and to whom certificates of stock to the amount of their respective shares were issued. All of the shares of the capital stock agreed upon were taken and assessments were then made on the members thereof until the whole stock thus taken was paid up.   Said association acted and transacted its business through a president and directors annually elected by the members.   It acquired the land in controversy and used it for the purpose of holding fairs thereon until about 1875.   'Said association' in that year 'ceased to hold fairs and never did elect any president or other officers after that time, or perform any other act or do any other business in pursuance of the purpose for which it was organized.'

"2.   About the year 1883 a meeting was called by notice in a newspaper by the person who was the last president of the said association for the purpose of reorganizing the said association, but no actual notice

was given to a number of the members of the original association (of) the purpose to reorganize the old association, and a number of them, among whom was the defendant, had no notice. Some of (the) old members, together with a large number of persons who had never been members of the association which ceased to do business about 1875, met and organized a joint stock company under the name of 'The Lamar County Agricultural and Mechanical Association;' elected a president, directors, and other officers; issued a large amount of stock, which was sold; bought, sold, and improved at great expense another and different tract of land, and thereby became largely indebted. That to pay such indebtedness said association last organized, by its authorized agent, sold and conveyed the land in controversy to W. T. Gunn, under whom plaintiff claims. That the organization of the last association, the receiving of new members, issuing and selling of new capital stock, the contracting of said indebtedness, and the sale of the land in controversy was all done without the assent or knowledge of a number of (the) members of the first association, one of whom was the defendant. That he owned twenty-three shares of paid up stock in the original association, and was in possession of the land in controversy at the time it was so sold, and had been for several years.

"3. The court finds as a matter of fact that the two organizations or joint stock companies above mentioned were not the same.

"4. The court finds against plaintiff's plea of estoppel."

Upon the above conclusions or findings of facts the court concluded as a matter of law that the two associations were not the same; that the last one had no right to convey the land, and that no title, legal or equitable, passed by the sale and deed to Gunn, unless it might be the individual members of the old association who joined the new; that the land in controversy belonged to the members of the old association as tenants in common, and if the interest of the members who belonged to both the old and the new association did pass by the deed to plaintiff's vendor, the plaintiff is only a tenant in common with defendant G. E. Long and can not maintain this action, and for these reasons gave judgment for defendant George E. Long.

The assignments of error may be summarized and stated in the following propositions:

1. That the court erred in holding the association to be a joint stock company instead of a corporation. Appellant contends that it was at least a *de facto* corporation.

2. In holding that the association of 1883 was a new and distinct company from the original one of 1868, appellant contending that the former was but a reorganization and continuation of the latter.

3. In holding that plaintiff could not recover upon the possessory title of the association of 1883 (claimed to be identical with that of

1868) against the defendant Long, whom appellant contends is a mere trespasser on the land.

4. In holding that defendant is a tenant in common with plaintiff and the other stockholders of the original association in the land in dispute, and that therefore plaintiff can not maintain the suit.

5. In not sustaining the plea of estoppel and ratification interposed by Gunn and the Lamar County Agricultural and Mechanical Association (new).

In addition to the facts already enumerated by us in the preceding synopsis as well as those found by the court below, another may be recited in this connection. The association of 1883 appears to have consolidated or connected itself with a race track company and continued the connection until May, 1884, when it severed its relation with that company. This was a feature unknown to the original organization, and the connection was without the consent of a number of the stockholders who objected to this arrangement. Some of them refused to join the new association on this account. It does not appear how long the original association was to continue. The articles of agreement are not found in the record. So far as the record shows there was no incorporation or attempt at incorporation under the forms of law.

1 and 2. We think that the evidence taken as contained in appellant's brief amply sustains the conclusions of the court below, in which it finds as a matter of fact that the associations of 1868 and 1883 were distinct and not identical. Most material changes had been made without the consent of "a number of the stockholders" of the original concern. In fact all of the findings are supported, except perhaps the one that the defendant did not have notice of the new organization. He admits that he was present thereat, but as a mere spectator. We do not, however, deem it important to determine the legal effect of his notice *vel non* in the disposition we shall make of the case. An accurate lexicographer of law defines a joint stock company to be "An association of individuals for the purpose of profit, possessing a common capital contributed by the members composing it, such capital being commonly divided into shares of which each member possesses one or more and which are transferable by the owner. The business of the association is under the control of certain selected individuals called directors.    *    *    *    A quasi partnership, whereof the capital is divided, or agreed to be, into shares so as to be transferable without the express consent of all the copartners." 2 Bouv. Law Dic., 9. If incorporated it seems that in this country it is to be regarded as at least a quasi corporation. 10 Wall., 566. But here there was no incorporation, etc., as we have seen. It is only where there has been an effort to conform to the forms of law in establishing a corporation and some formal defect exists merely as to the mode of complying with the law and the body is dealt with and acts as a corporation that it is regarded as one *de facto*. 4 Am. and Eng.

Encyc. of Law, 197, 198, and notes; Pars. on Part., *544. Here one indispensable element of a corporation is lacking, viz.: Succession, or, as sometimes called, perpetuity, which had not been extended by the government and which of course in this State could only be granted for a term of years. We think that the association was an unincorporated joint stock company which is governed by the general principles of law applicable to partnerships. Pars. on Part., 541. But we do not see that appellant's position as to the validity of the deed to Gunn, etc., would be any stronger should we regard the association originally organized as a *de facto* corporation and as such not dissolved or terminated by mere non-user. Mora. on Corp., secs. 51–54, 230, 239, 662; Waterbury & Co: v. Laredo, 60 Texas, 519; Pearch v. Railway, 21 How., 441; Mora. on Corp., secs. 635–637.

We think that the association of 1883 was, as found by the court below, a new company and not merely a continuation of the old with all of its rights and property. Pars. on Part., *406 *et seq.;* Id., *546, 547; Id., *408; Story on Part., secs. 125, 213; Pars. on Part., sec. 384; Mora. on Corp., sec. 239. While it may be true that the mere transfer of his stock by a member of a joint stock company to an outsider would not work a dissolution or termination of the concern (Pars. on Part., *545, 546), still a great deal more than that was done, as we have attempted to show. Besides the old association had been allowed to expire by disuse. There remained nothing to do but to wind up the concern and divide the assets among the stockholders, there being no debts. From 1875 to 1883 it had ceased to hold meetings, elect officers, or to operate its business. Pars. on Part., *347. It had thus to all practical purposes abandoned its venture and fallen into a state of "innocuous desuetude"—if not entirely "collapsed," as contended by appellee. Lea v. Hernandez, 10 Texas, 138. If it were in fact still a living body at the reorganization of 1883 it presents a remarkable case of suspended animation. This new association could not, as we think, legally take charge of and dispose of the land of the old company, especially without the consent of all of the stockholders, and to pay the debts incurred solely by the new concern. Pars. on Part., *168, 408.

The associations being distinct, the last could no more seize, appropriate, and dispose of the property of the first than B could in law assume to transfer that belonging to A. Professor Parsons, speaking of the effect of changes in the condition of a partnership, says *inter alia:* "One firm succeeds the other, and if the latter firm chooses to adopt the name of the earlier this does not make them one and the same. And if one member of the old firm comes into the new firm this does not make them one; and if all remain but one, or all remain and a new one is added, here also is a new firm, which can no more have the effects of the old nor be liable for the debts without a new and distinct agreement between *all* parties interested therein than if the change

were *entire* and the name also.   Pars. on Part., *408.   In the present instance the change was almost entire in every respect, and a great many members were admitted into the new association who were not members of the old, and a considerable number of the stockholders of the original company refused to join or participate in the new one organized in 1883.   We conclude that the deed made by the officers of the new association to Gunn was null and void and conferred no right or title upon him that he could convey to plaintiff in the land in controversy.   Being absolutely void it could not be ratified so as to pass title, had there been any ratification in fact, which there was not. Moody's Heirs v. Moeller, 72 Texas, 635; Land Co. v. Laigle, 59 Texas, 339.   See also as to the conveyance of the interest of those officers, Alexander v. Kennedy, 19 Texas, 493.

 3.   From what has been already said in reference to the deed to Gunn it is clear that if the original association had actual possession of the premises that appellant was not connected therewith in such way as would enable him to maintain the action, even if defendant should be regarded as a mere trespasser.   But it does not appear that he was a trespasser against the rights of the original association or stockholders thereof to whom the land belongs.   He claims, and his testimony without contradiction shows, that he is holding the land for himself and the other stockholders of the original association.   The new association is not shown to have had possession of this land, and after 1875 the original association occupied it only by inclosure.   The defendant took possession in 1880, apparently without any lawful authority except that of being a stockholder.   Gunn conveyed the land to plaintiff in 1886.   It may be conceded that prior actual possession with which the plaintiff is connected, or which he has himself, is sufficient against a mere trespasser on the premises (Caplen v. Drew, 54 Texas, 496), but here both of these facts are wanting.   The defendant's right to the possession of the premises is, to say the least, as strong as that of the plaintiff or Gunn, under whom the plaintiff claims.   If neither of them have any right to the possession then the legal sequence is that the decision must be rendered for the defendant, as was done; nor would this conclusion be altered by defendant having asked for affirmative relief in addition to the plea of not guilty.   This did not have the effect of relieving the plaintiff of the burden of showing a right to recover in himself.

 4.   The court below held that if plaintiff had acquired (which it did not decide) the right or title to the land of such of the stockholders of both the old and new associations as had consented to the conveyance of the land by the latter association to Gunn, then the original parties to the suit would only be tenants in common of the land, and that consequently plaintiff could not maintain the suit under the facts of the case. The first proposition is presumably based on the hypothesis that such

case the defendant would in effect derive whatever right or title he might have through the members of the original, not the subsequent association. In neither proposition do we find any error of law. The first association was, as we have endeavored to prove, *functus officio* and practically at an end. There were no creditors with claims upon its assets, etc. The land had been conveyed to this association as firm or partnership property, to be used by it as such for the benefit of the concern—to constitute its fair grounds. Speaking of a partnership as a body and of its relation to its members, creditors, and property, the same learned author we have quoted above says: "After this relation is exhausted or after this work is done there is a resolution of this body into its elements. * * * If the joint debts have been so paid in full there are no joint creditors, and they who were partners own the remaining property, free from all incumbrance, except each other's rights, and they share this remainder between them." Pars. on Part., *347. If land is conveyed to partners in fact as a partnership * * * they will hold as tenants in common. Id., *375.

The court below does not assign its reasons for deciding that the plaintiff could not maintain the suit against defendant as a cotenant, but this was evidently because the court did not regard the claim or possession of the defendant as adverse to the original association, or any one claiming under it, nor as amounting to an ouster of the old association or of its stockholders, or of the plaintiff if he can be regarded as claiming any interest in the land under the original association or any of its members. We have seen that the court was justified by the record in these conclusions. While one tenant in common may sue another in case of actual ouster, he can not when the possession of his co-tenant is not adverse to his own interest nor to the title under which they must both claim if at all. To authorize the suit for recovery of possession (not partition), the ouster and adverse holding must be of such character as would put the statute of limitation in motion. Portis v. Hill, 3 Texas, 273; Alexander v. Kennedy, 19 Texas, 493.

5. There were no facts to support the plea of estoppel against the defendant. He did not mislead nor deceive the plaintiff nor his vendor, nor induce them to buy the land.

We think the judgment ought to be affirmed, but without prejudice to the right, if any, of the members of the new association who were also stockholders in the old, or to the interest, if any, of the plaintiff in the land acquired from any of the members of the original company under the deed to Gunn, or to the rights of the other stockholders of that company, etc. The suit not being for settlement nor partition and the proper parties not being before the court, we are not called upon to and do not decide these questions.

*Affirmed.*

Adopted March 17, 1891.