JAKE MILLER ET AL V. B. LYNN DAVIS ET AL, INDEPENDENT EXECUTORS.

No. 7845. Decided May 7, 1941.
(150 S. W., 2d Series, 973.)

*Martin B. Winfrey* and *Irving L. Goldberg,* both of Dallas, for plaintiff in error.

Since the trustees of Navarro Community Foundation, an unincorporated trust, were not parties to the suit and being necessary parties, the Court of Civil Appeals erred in rendering any judgment construing the will of Frank Neal Drane. Allred v. Beggs, 125 Texas 584, 84 S. W. (2d) 223; Brennan v. City of Weatherford, 53 Texas 330; Cousins v. Cousins, 42 S. W. (2d) 1043.

*T. L. Tyson,* of Corsicana, for defendants in error.

Since Navarro Community Foundation was at least a de facto corporation and in its corporate capacity was made a party defendant to this suit there was no occasion for the individual trustees of such de facto corporation to be made parties thereto and their absence creates no defect in the parties to the suit. American Salt Co. v. Heidenheimer, 80 Texas 344, 15 S. W. 1038, 28 Am. St. Rep., 743; 2 Bogert on Trusts and Trustees, 1089.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the District Court of Navarro County, Texas, by B. Lynn Davis, Charles Lee Jester, and Eugene W. Robinson as independent executors of the will and estate of Frank Neal Drane, deceased, against Jake Miller, Mrs. Jennie E. Puckett, a feme sole, Cisco Dansby, a feme sole, Meritt Drane, and Navarro Community Foundation, alleged to be a body corporate. We will later refer to such corporation. It appears that the will of Frank Neal Drane has been duly probated in the County Court of Navarro County, Texas, and that the above-named executors have duly qualified as such. The purpose of this suit is to obtain a judicial construction of the above-mentioned will.

The opinion of the Court of Civil Appeals (146 S. W. (2d) 1006) makes a very comprehensive statement of the facts and issues of this case. In the interest of brevity we refer to such statement. We, however, make a sufficient statement in the course of this opinion to make it complete within itself.

On March 5, 1938, Frank Neal Drane executed the will under consideration, and on May 12, 1938, the testator executed a codicil to such will. We regard both instruments as constituting the last will and testament of Frank Neal Drane. The will under consideration is very long and, to say the least, rather complicated. It provides for the creation of a public charitable trust to be known as "Navarro Community Foundation." The will provides that this trust may be either incorporated or unincorporated. It further provides that if the trust is incorporated, such incorporation may be accomplished either under general law or by special act of the Texas Legislature. If the trust is unincorporated, the will provides for a self-perpetuating board of not less than five nor more than thirteen members. The trust is, generally speaking, for public charity. The will provides for the payment of the debts of the deceased by his executors, and names the above-named plaintiffs as independent executors. The will makes a provision for alternate executors under certain conditions, not necessary to mention here. The greater part of the estate is bequeathed to the charity trust above described.

Item 5 of this will provides for certain bequests to these plaintiffs in error and certain other beneficiaries. We quote as follows from this item:

"The Managing Trustees of the Foundation, whether non-

corporate or corporate, with the funds and properties belonging to me and composing my estate, and which shall be transferred, set over, assigned and delivered to them shall provide for and pay the following life annuities in the order named:

"(a) A life annuity, to yield to my sister-in-law, Mrs. Jennie E. Puckett, $50.00 per month, and at her death to provide for the expenses of her last sickness and burial;

"(b) A life annuity to yield my longtime employee at Arcady, Jake Miller, $50.00 per month, if at my death he is still in my employ and if he shall elect to continue in the employ of the Foundation, such payments to begin upon Jake's becoming incapacitated for service, or if and when relieved from service by the Executors or Trustees, as the case may be, and such payments shall continue until his death;

"(c) A life annuity to yield $100.00 per month each, to my spouse, if in a remote contingency I should have one, and a nurse, if I should employ one on a permanent basis to attend and serve me during my remaining years and designate such nurse to receive such annuity, or within the discretion of the Trustees if I fail to so designate—conditioned, further, that such nurse shall remain continuously in my employ from the time of entering such services until my demise;

"(d) A life annuity to yield $100.00 per month to my brother, Meritt Drane;

"It is further directed that the Trustees may, within their sole discretion, increase any and/or all of such annuities; and in each discretion, increase and/or all of such annuities; and in each case after the termination of the life of the respective annuitants the residual of the corpus representing the basis for such annuities, if any, shall belong to the corpus of the Foundation, to be used exclusively for the purposes herein set out.

"If, in any event, the amount reserved by my Executors out of my estates for the payment of the above mentioned and named annuitants be insufficient to pay all of them in full, then I hope and pray that Executors and/or Trustees may make such payments out of the benevolent residue of my estate then in existence, under the provisions of its Articles of Association or Charter for strictly personal charity.

"I have already otherwise provided in similar manner for my more than a quarter century faithful, loyal, capable co-worker-manager, accountant, and beloved friend, Eugene W. Robinson.

"The Trustees will next pay in cash, or its equivalent, unto my son, Hugh Albert Drane, Sr., the sum of One Dollar (1.00), and unto my grand-son, Hugh Albert Drane, Jr., the sum of

TWENTY-FIVE HUNDRED DOLLARS ($2500.00) ; but if either or both of them shall predecease me, then the legacy to such predeceasing legatee shall ipso facto be canceled and revert to my estate. In this connection I further direct that if either my son or my grandson shall contest this will, or undertake to prevent its being probated, or institute any action to annul the same, or contest the disposition of my property, or any part thereof, made hereunder; or if they, or either of them, should fail or refuse to restore back to me or to my estate, upon demand, the life insurance policies upon my own life and heretofore assigned by me, which are mentioned above, upon refund of premiums paid by them, either of them, or Dorothy, then either one or all of such happenings or non-happenings shall, in themselves, operate to and shall ipso facto forfeit as to both my son and grand-son the bequests herein given them, which forfeited bequests shall be thrown back into the corpus of my estate and used for the purposes herein expressed."

The codicil cancels sections (c) and (d) of the will above quoted. It provides for the spouse of the deceased, if he should have one, and a nurse attendant, if he should employ one, substantially as section (c) of the original will, supra, save and except it is provided that the monthly payments of each should be in such amounts as his executors in their sole discretion may determine. No spouse was left. The codicil further provides:

"Now, with particular reference to my brother, Meritt Drane, it is my will, and I do hereby direct that my executors shall pay to him during the term of his life a monthly stipend or annuity of not more than Fifty Dollars ($50.00) per month. * * *

The codicil also contains the following provision:
"The legal title to all of the property, real, personal and mixed, of which I may die seized and possessed, shall immediately upon my death vest in my executors, upon trust, how-ever, that the same shall in due course be delivered to the trustees of the Foundation, as provided in my will, or be otherwise disposed of and delivered, as provided in my said will."

On May 28, 1938, after the execution of the above will and codicil, Frank Neal Drane, B. Lynn Davis, Charles Lee Jester, Arthur G. Elliott, Eugene W. Robinson, R. Lee Hamilton, Earl H. Newton, Sydney Marks, R. Lloyd Wheelock, J. Odie Burke, Ralph W. Still, Ben F. Blackmon, and Will T. McKee executed articles for the unincorporated "Navarro Community Foundation." The purpose of this concern was to create a non-profit self-perpetuating foundation or organization to administer,

carry out, and effectuate the charitable trust provided by the Drane will. Such purpose was stated in the articles of the association in substantial conformity with the will. After the formation of the above association, Frank Neal Drane resigned as one of the trustees or members, and Thomas L. Tyson was elected in his place, all in conformity with the will and the articles of association. On May 28, 1938, the same day the unincorporated "Navarro Community Foundation" was formed or created, Frank Neal Drane delivered to such Foundation an instrument in writing whereby he conveyed to such Foundation the whole of his estate, except he made certain reservations in what he called "book-credit-deposit" of $350,000.00. We will not attempt to set out the terms of this deed. It is sufficient to say that it and the will demonstrate one common purpose in regard to the trust above described. We assume that the above unincorporated estate functioned as provided by the will and the deed until a purported corporation was formed, which we will now describe.

The Forty-sixth Legislature of this State passed House Bill No. 987. This bill contains the emergency clause and passed both Houses with the recorded vote required to put it into immediate effect. It was approved by the Governor on May 11, 1939. H. B. No. 987, ch. 1, p. 551, Sp. Laws, Reg. Sess., 46th Leg. 1939. We shall not attempt to detail the provisions of this act. It purports by special act to create a public charitable non-profit body corporate, to be denominated "Navarro Community Foundation," domiciled at Corsicana, Navarro County, Texas. Generally speaking, the above act gives the corporation attempted to be created thereby the same powers that were being exercised by the unincorporated foundation above described. We gather that the supposed corporation attempted to be created by the above act has assumed to conduct the affairs originally committed to the unincorporated body since the above act was approved by the Governor.

Referring to the Frank Neal Drane will, it will be noted that, generally speaking, it bequeathes annuities to Jennie E. Puckett, Jake Miller, Meritt Drane, and Cisco Dansby. Also such will makes the bequest to the "Navarro Community Foundation" above indicated. Jennie E. Puckett, Cisco Dansby, Meritt Drane, and the purported incorporated "Navarro Community Foundation" are made parties defendant in this action. The unincorporated "Navarro Community Foundation" was not made a party to this action, and neither were any of the trustees thereof.

The executors sought by their petition in the district court to have a judicial construction of the Drane will and codicil with respect to their duties, rights, and obligations to Puckett, Miller, Meritt Drane, and Dansby, the annuitants above named. Also such executors sought a construction of the Drane will and codicil with reference to their duties, rights, and obligations as touching the "Navarro Community Foundation," incorporated. In this connection, the petition in the district court requested such court to construe the Drane will and codicil, and in doing so to answer the following questions:

"(1) Is the estate of Frank Neal Drane liable to Mrs. Jennie E. Puckett, Jake Miller, Cisco Dansby and Merrit Drane under the provisions contained in sub-sections (a), (b), (c) and (d), respectively of Item Five of said Will, as modified and amended (particularly as to sub-sections (c) and (d) in the codicil to said Will?

"(2) Is the defendant, Jake Miller, entitled to the stipend or annuity provided for him on the theory that his services were discontinued on or shortly after December 1, 1938, as contended by him, or did Jake Miller voluntarily sever his connections with the estate of Frank Neal Drane, deceased, and with Navarro Community Foundation and thereby forfeit and surrender his right to and claim for an annuity or stipend?

"(3) Is the function of the plaintiffs herein, as Executors of said estate, to provide for and pay whatever annuities the Court may determine to be legally due by the estate of Frank Neal Drane to the defendant beneficiaries herein named, or is it the duty of the defendant Navarro Community Foundation to provide for and pay such annuities?

"(4) If the Court determines that the Executors are to provide such annuities, then are the Executors entitled to make demand upon Navarro Community Foundation against the claim that Frank Neal Drane had against said Navarro Community Foundation during his life time for the fund with which to pay said annuities, or were said annuities cancelled as a matter of law by the act of Frank Neal Drane in conveying his property to Navarro Community Foundation and the trustees thereof for strictly public charitable purposes?"

The prayer to the petition in the district court is as follows:

"WHEREFORE, PREMISES CONSIDERED, plaintiffs pray that citation do issue and be served on each and all of the defendants named herein, and they further pray that the questions herein raised and propounded to the Court be answered by judgment

of the Court and that the Will and Testament and codicil thereto of Frank Neal Drane, deceased, be construed and applied to the solution of such questions, and that they in their capacity as Executors, be given definite directions by the Court as to how they may safely proceed in the performance of their duties, and that they be granted such other and further relief, at law or in equity, to which they may show themselves entitled, and that all costs incurred in this behalf be taxed against the Estate of Frank Neal Drane, deceased."

The judgment of the district court is rather long and complicated. It is sufficient to say that it construes the Drane will, and, in effect, answers the questions propounded by the petition. It makes other adjudications which we will not detail. Jake Miller and Meritt Drane have attempted to appeal to the Court of Civil Appeals at Waco. On final hearing in that court, a part of the district court's judgment was set aside. In all other respects the judgment of the district court was affirmed. 146 S. W. (2d) 1006. The case is before this Court on writ of error granted on application of Jake Miller and Meritt Drane.

■ From what we have said it is evident that some party, or parties, legally competent to represent the trust estate created by the will and deed of Frank Neal Drane, supra, must be parties to this action before the court will have jurisdiction to construe this will, in the way and manner and to the extent prayed for by plaintiffs' petition in the district court. This is because the necessary parties must be joined in a suit to construe a will, in order to give the court jurisdiction to enter a final judgment. 44 Tex. Jur., p. 766, sec. 197; Hay v. Hay, 120 S. W. 1044; Goldsmith v. Mitchell, 57 S. W. (2d) 188.

■ It is contended by the plaintiffs in error that no party, or parties, have been joined to this action, competent in law to represent the trust estate created by the will and deed of Frank Neal Drane. This contention is based on the further contention that the special act purporting to create the incorporated "Navarro Community Foundation" is void, because in contravention of Section 1 of Article XII of our State Constitution. Such constitutional provision provides: "No private corporation shall be created except by general law." The constitutional provision next succeeding the one just quoted, Section 2 of Article XII, provides: "General laws shall be enacted providing for the creation of private corporations * * *." Within the meaning of the above constitutional provisions, corporations are, generally speaking, divided into two classes,—pub-

lic corporations and private corporations. A corporation is public if it is created for public purposes only. In other words, a public corporation is one "connected with the administration of the government, and the interests and franchises of which are the exclusive property and domain of the government itself." A private corporation, generally speaking, is any corporation not classed as public. Stated in another way, a private corporation is one created for private, as distinguished from purely public, purposes. A corporation is deemed private, though created for the administration of a public charity, where the endowments thereof have been received from individuals. 13 Am. Jur., p. 171, sec. 17 and notes; 10 Tex. Jur., p. 593, secs. 5 and 6 and notes. The above classification is fully recognized by our statutes. Article 1319, R. C. S. 1925.

From the definitions, supra, it is evident that House Bill No. 987, supra, is in violation of Section 1 of Article XII of our State Constitution, and is therefore null and void. Since such Act is unconstitutional, and therefore null and void, it amounts to nothing and created nothing. It therefore had, and has, no effect to create a corporation. This being true, no party was joined to this action with legal authority to represent the trust estate here involved.

Defendants in error earnestly contend that, even though the Act here involved is unconstitutional, it created a de facto corporation. We are unable to agree to such a contention. A legislative Act which contravenes the Constitution is a void Act. It amounts to nothing and accomplishes nothing. Such an Act cannot create a corporation, either de jure or de facto, 13 Am. Jur., p. 195, sec. 50. If an Act is unconstitutional, it is no law at all. State v. Gillette's Estate (Com. App.) 10 S. W. (2d) 984. It follows that House Bill No. 987, supra, did not create a de facto corporation.

Defendants in error contend that, even though the Act purported to create this corporation is unconstitutional and void, still only the State can raise such question in a direct proceeding. It is the rule that where a corporation has been formed under color of law, only the State can question its corporate existence, and that in a direct proceeding wherein the State is a party, and the action is in the nature of a quo warranto proceeding. But such rule only applies where there has been an effort to conform to forms of law in establishing a corporation, and some formal defect, or defects, exist merely as to the mode of complying with the law, and the body is dealt with and acts as a corporation. Simply stated, an attempt to do that which the law does not even permit, can produce no result that

the law will recognize. Hunt v. Atkinson, (Com. App.), 12 S. W. (2d) 143; Whaley v. Bankers' Union of the World, 88 S. W. 259; Fritter v. West, 65 S. W. (2d) 414; Allen v. Long, 80 Tex. 261, 16 S. W. 43; Crow v. Cattlemen's Trust Co., 198 S. W. 1047. These authorities could be greatly extended, but they are sufficient. In this instance the Legislature attempted to do that which our Constitution expressly prohibits it from doing. Such an Act could not possibly constitute color of law.

Defendants in error contend that the Court must assume that "Navarro Community Foundation" is a corporation because it is alleged in their petition in the district court that it is incorporated, and such allegation was not denied under oath by these defendants nor by any other party to this action. In this connection we note that it is true, as shown by this record, that the petition in the district court contains the allegation that "Navarro Community Foundation" is a "body corporate," and there is no denial of such allegation in any pleading filed by these plaintiffs in error, or any other party to this suit.

Our statutes, Article 1999, R. C. S. 1925, provide that: "An allegation that a corporation was duly incorporated shall be taken as true, unless denied by the affidavit of the adverse party, his agent or attorney, whether such corporation is a public or a private corporation and however created." Also our statutes, Article 2010, R. C. S. 1925, provide that: "An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit; * * *7. That the plaintiff or the defendant, alleged in the petition to be duly incorporated, is not duly incorporated as alleged."

When we come to examine this record we find that the following facts are shown thereby:

1. Counsel for the plaintiffs introduced in evidence in the district court a written agreement signed by counsel for the plaintiffs and by counsel for Meritt Drane and Jake Miller. Such agreement contains the following:

"(1) That the original Articles of Association, dated May 28, 1938 and executed by Frank Neal Drane and others, creating Navarro Community Foundation, may be introduced and considered, and that House Bill No. 987, enacted by the 46th Legislature of Texas in regular session and approved by the Governor on May 11th, 1939, *giving corporate existence to said Navarro Community Foundation may also be introduced and fully considered.*" (Emphasis ours.)

2. Immediately following the introduction of the above agree-

ment counsel for plaintiff in the district court introduced as evidence a certified copy of House Bill No. 987, supra, enacted by the 46th Legislature, and approved May 11, 1939.

An analysis of the above agreement will disclose that counsel for both parties to this appeal, in effect, in open court agree that House Bill No. 987, supra, was the source and basis of the incorporation of "Navarro Community Foundation." There is no escape from this conclusion because the agreement expressly states "that House Bill No. 987 * * *, giving corporate existence to said Navarro Community Foundation may also be introduced in evidence and fully considered." Simply stated, counsel agreed that House Bill No. 987 was the source of the corporate existence of "Navarro Community Foundation" and further agreed that such bill could be "fully considered." Also as already shown, immediately after introducing such agreement, counsel for plaintiffs introduced as evidence the act under discussion. We think that defendants in error are hardly in position to invoke Articles 1999 and 2010, supra, to set aside and nullify their plain agreement made in open court. Further we think such agreement should be given the same force and effect as though it were contained in plaintiffs' pleadings.

From what we have said it is evident that we hold that there exists no "Navarro Community Foundation," incorporated. There does, however, exist an unincorporated organization by that name, and we think the trustees of such unincorporated organizaiton are necessary parties to this action.

■ Plaintiffs in error contend that the Attorney General is a necessary party to this suit because it involves the construction of a will devising property for public charity. We recognize that, generally speaking, the Attorney General is a necessary party to proceeding affecting the validity, administration, or enforcement of a charitable public trust. However, there are exceptions to this general rule. 11 C. J., p. 368, sec. 90; 14 C. J. S., p. 528, sec. 62-b. We do not deem it necessary to fully define such exceptions,—it is sufficient, for the purposes of this opinion, to say that we do not think it is necessary to join the Attorney General in an action involving a public charity where the public interest in the action is not direct and essential, but is remote and incidental. Eustice v. Dickey et al., 240 Mass. 55, 132 N. E. 852, par. 21, p. 864. Also we think that the Attorney General is not a necessary party to a suit to construe a will bequeathing property to a public charity when the bequest is placed in the hands of trustees charged specifically with the management for the cestui que trust, and no issue of waste or

mismanagement is involved. 11 C. J., supra; 14 C. J. S., supra. To our minds, this case comes under both of the above exceptions. We hold that, under the pleadings as framed, the Attorney General is not a necessary party to this suit. Of course this ruling is on the pleadings in their present form. We do not attempt to say what will be the effect of amended pleadings which may, on another trial, be filed by any party hereto.

From the statement we have made it will be noted that this will makes a bequest of $1.00 to Hugh Albert Drane, Sr., and a bequest of $2500.00 to Hugh Albert Drane, Jr. Hugh Albert Drane, Sr., is the son of testator, and Hugh Albert Drane, Jr., is the grandson. An examination of the will discloses that there are certain contingencies stated therein which might render the above bequests not payable. Plaintiffs in error contend that these two legatees are necessarily parties to this action. The bequest to Hugh Albert Drane, Sr., is but a nominal one, and we do not think he is a necessary party. We suggest that on another trial Hugh Albert Drane, Jr., be made a party to this action.

Since we hold that the trustees of the unincorporated "Navarro Community Foundation" are necessary parties to this action in order for the court to have jurisdiction to enter final judgment construing this will, it must follow that no final judgment has been entered in this case in the district court. The absence of a necessary party is fundamental and jurisdictional to such an extent that it must be considered by this Court, and this Court cannot render any judgment in this case except to reverse and remand. Sharpe v. Landowners Oil Assn., 127 Tex. 147, 92 S. W. (2d) 435.

The judgments of the district court and the Court of Civil Appeals are both reversed, and the cause remanded to the district court.

Opinion delivered May 7, 1941.