Randall Grady **TURNIPSEED** and Kay Lynn **Howard**, Appellants,

v.

The **STATE** of Texas, Appellee.

Nos. 65868, 65869.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 26, 1980.

Rehearing Denied Jan. 14, 1981.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

DALLY, Judge.

The appellants were separately indicted for the offense of delivery of cocaine, a controlled substance. In a consolidated trial, each was convicted on his plea of guilty before the jury. The appellant Turnipseed's punishment was assessed at imprisonment for twenty years. The appellant Howard's punishment was assessed at imprisonment for seven years; imposition of her sentence was suspended and she was placed on probation.

■ The appellants initially contend that each indictment is fundamentally defective for failure to specify why cocaine falls within a penalty group of the Controlled Substances Act. Each indictment alleges, in pertinent part, that:

"the Defendant, heretofore on or about November 1, 1979, did then and there unlawfully intentionally and knowingly deliver to Tom Ahr, a controlled substance namely, COCAINE."

Sec. 4.02(b) of the Controlled Substances Act, as amended effective August 27, 1979, specifically names cocaine as a controlled substance:

"(b) Penalty Group 1; Penalty Group 1 shall include the following controlled substances:

" . . .

"(3) Any of the following substances . . . . :

" . . .

"(D) Cocaine, . . . . "

Art. 4476–15, Sec. 4.02(b)(3)(D), V.A.C.S. (Vernon Supp.1980). Appellant's contention is without merit: since cocaine is specifically named in the Act, the allegation in each indictment is sufficient. Cf. *Ex parte Wilson*, 588 S.W.2d 905 (Tex.Cr.App.1979).

■ The appellants also contend in the same ground of error that the caption of

Marvin O. Teague, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Larry P. Urquhart and William J. Eggleston, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

the August 27, 1979, amendment to the Controlled Substances Act failed to comply with the requirements of Art. III, Sec. 35 of the Texas Constitution, thereby rendering each indictment void. Art. III, Sec. 35 of the Texas Constitution provides, in pertinent part:

"But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The caption to the amendment to the Controlled Substances Act reads:

"An Act amending the Texas Controlled Substances Act (Art. 4476–15, Vernon's Texas Civil Statutes) by changing schedules of controlled substances and penalty groups; amending Sections 2.03, 2.04, 2.05, 2.06 and 2.07 and subsections (b), (c), (d), and (e) of Section 4.02."

Tex.Gen.Laws, 1979 ch. 598, at 1278. This Court has consistently held that the caption or title of an act should be liberally construed so as to uphold its validity under Art. III, Sec. 35 of the Texas Constitution. *Putnam v. State*, 582 S.W.2d 146 (Tex.Cr. App.1979); *White v. State*, 440 S.W.2d 660 (Tex.Cr.App.1969). There is a somewhat stricter requirement that the title of an amendatory act conform to the subject matter in an amendment. *White v. State*, supra. In *White*, this Court found the caption to the 1967 act amending the Dangerous Drug Act to include hallucinogens violated Art. III, Sec. 35 of the Texas Constitution, because the caption specifically stated the amendment included hallucinogens as dangerous drugs, but failed to refer to the amendment's substantial changes in penalties. Because the caption implied that the act was to be amended only in the particulars it stated, the Court held it did not give fair notice of the other changes also intended.

We stated in *White*:

"It is well established that when the title of an original act embraces matters covered by an amendment, the title or caption of the amendment need not state the subject of the law amended or specify the nature of the proposed amendment, but new substantive matter in the amendment, not germane to the provision amended, is invalid as legislation on matters not expressed in the title of the amendatory act."

440 S.W.2d at 665. Applying this reasoning in *Putnam v. State*, supra, it was held that the caption to an amendment of Art. 44.04, V.A.C.C.P., Bond Pending Appeal, met the requirements of Art. III, Section 35, supra, since, unlike the caption in *White* it was "content to state a purpose to amend a certain statute," and the amendment was not remote from the subject of the original act.

Similarly, in the present case the challenged caption announces the general purpose to amend the schedules and penalty groups of the Controlled Substances Act. The amendment, which revises the lists of substances in the schedules and penalty groups, cannot be said to contain new substantive matter not germane to the provision amended. One of the revisions effected by the amendment is that cocaine is specifically named in penalty group one; prior to the amendment, cocaine was not specifically named in a penalty group, but was otherwise described in penalty group one as "coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative or preparation thereof which is chemically equivalent or identical with any of these substances . . ." Art. 4476–15, Sec. 4.02(b)(3)(D), V.A.C.S. (Vernon 1976). The amendment did not introduce any new substantive matter not germane to the provision amended by changing the inclusion of cocaine in penalty group one from a description to a direct reference. We find that the caption to the 1979 amendment to the Controlled Substances Act challenged by appellants meets the requirements of Art. III, Sec. 35 of the Texas Constitution. See *Putnam v. State*, supra.

The appellants also argue that the evidence is insufficient to show the substance delivered was cocaine. In view of their pleas of guilty before the jury impan-

eled to assess their punishment, Art. 26.14, V.A.C.C.P., we need not pass upon this contention. It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and in such cases the introduction of testimony by the State is for the jury's benefit in fixing punishment. *Miller v. State*, 412 S.W.2d 650 (Tex.Cr.App. 1967); *Hunt v. State*, 482 S.W.2d 217 (Tex. Cr.App.1972).

The appellant Turnipseed additionally argues that his conviction "is void as the State questioned the said Appellant regarding a prior conviction which was void as it was obtained without counsel." On cross-examination, the appellant admitted he had been convicted of the misdemeanor offense of possession of narcotic paraphernalia in Florida, but stated that he had not been represented by counsel. He did not testify that he demanded and was denied the right to counsel, or that he was indigent and did not voluntarily waive his right to counsel during those proceedings. The subject was not further explored on re-direct examination. The appellant raised no objection to the State's questions: nothing is preserved for our review. *Mendoza v. State*, 552 S.W.2d 444 (Tex.Cr.App.1977); *Boss v. State*, 489 S.W.2d 580 (Tex.Cr.App.1972).

Moreover, even if error had been preserved, the evidence which fails to show appellant was indigent and that he did not waive counsel does not satisfy his burden of proof to show that he was denied the right to counsel. See *Mabry v. State*, 492 S.W.2d 951 (Tex.Cr.App.1973); *Mendoza v. State*, supra.

Each of the appellants' grounds of error is overruled.

The judgments are affirmed.