**Ex parte Ramiro R. MUNIZ, Appellant.**

**No. B14–82–565–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 24, 1982.

Petition for Discretionary Review Granted
March 3, 1983.

Dick DeGuerin, Houston, for appellant.

Patricia Saum, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

Ramiro R. Muniz (Applicant) appeals from the trial court's denial of his application for a Writ of Habeas Corpus. He is being held in custody by the Sheriff of Harris County in lieu of $25,000 bail following indictment for the possession of cocaine, a named substance in penalty group one of the Controlled Substances Act. The Writ application attacked the validity of the indictment on the grounds that the title or caption of House Bill 730, which amended the Controlled Substances Act, was unconstitutionally vague, rendering the amendment invalid, and therefore the indictment under that amendment was void. We find there was a valid statute under which Applicant was indicted, and therefore this court has no jurisdiction to grant relief. Affirmed.

The Controlled Substances Act, Tex.Rev. Civ.Stat.Ann. art. 4476–15 (Vernon Supp. 1982), was extensively amended during the 67th Legislature by House Bill 730 (H.B. 730). The pertinent changes made by the amendment, which became effective September 1, 1981, include the creation of a new offense, aggravated possession of cocaine, and the imposition of a new and more severe penalty for aggravated possession of cocaine. The caption or title of H.B. 730 reads: "AN ACT relating to offenses and criminal penalties under the Texas Controlled Substances Act." The Bill contains a savings clause but no severability clause.

The challenged indictment in part states: ... Ramiro Ricardo Muniz AKA Ramiro Ramsey Muniz ... heretofore on or about June 7, 1982 did then and there unlawfully, intentionally and knowingly possess a controlled substance, namely, COCAINE, weighing more than 28 grams and less than 400 grams by aggregate weight, including any adulterants and dilutants.

The new offense of aggravated possession of cocaine occurs when the accused possesses at least 28 grams of the substance, including any adulterants or dilutants. It is apparent that the contested indictment, in specifying the weight of the cocaine possessed by Applicant, contains language added to the statute by H.B. 730.

Applicant contends that the title or caption to H.B. 730 violates Tex. Const. art. III, § 35 in that it is insufficient to give proper notice of the major changes enacted in the body of the bill, including the creation of the new offense of aggravated possession under which Applicant was allegedly indicted, and that therefore both the amendatory act and the indictment pursuant to it are void.

 The Writ of Habeas Corpus is the proper vehicle for challenging an allegedly invalid statute. *Ex parte Psaroudis,* 508 S.W.2d 390 (Tex.Cr.App.1974). If there is no valid statute under which an accused may be charged, he is entitled to be discharged because any indictment under an invalid statute is also void. *Ex parte Sanford,* 163 Tex.Cr.R. 160, 289 S.W.2d 776, 780 (1956); *Ex parte Stein,* 61 Tex.Cr.R. 320, 135 S.W. 136, 138 (1911).

The issue on appeal in this case, then, is whether the indictment and the statute on which it is based are invalid, and therefore whether this court has jurisdiction to grant relief and order dismissal of the indictment.

 Cocaine was added to the list of controlled substances in the Controlled Substances Act effective August 27, 1979. *See, Ex parte Perez,* 618 S.W.2d 770, 771 (Tex. Cr.App.1981). After that date, indictments which allege possession of "a controlled substance, namely, cocaine" are sufficient to charge an offense. *Crowl v. State,* 611 S.W.2d 59, 60 (Tex.Cr.App.1981); *Turnipseed v. State,* 609 S.W.2d 798, 799 (Tex.Cr. App.1980).

 Applicant was indicted for the possession of cocaine, a controlled substance named in both H.B. 730 and the Controlled Substances Act as it existed prior to that amendment. Unnecessary words in an in-

dictment may be disregarded as surplusage when they do not describe essential elements of an offense. *Ferguson v. State,* 572 S.W.2d 521, 524 (Tex.Cr.App.1978); *Corbell v. State,* 508 S.W.2d 86, 88 (Tex.Cr. App.1974). The language in the contested indictment concerning the weight of the cocaine possessed by Applicant is irrelevant to the validity of the indictment for possession of a controlled substance. *See, Turnipseed v. State,* 609 S.W.2d 798.

■ If an amendatory act is constitutionally deficient, either because it fails to observe constitutional requirements relating to its enactment or because it violates constitutional rights, the general rule is that the amendment is totally ineffective and inoperative, and the underlying statute remains in full force and effect. *Miller v. Davis,* 136 Tex. 299, 150 S.W.2d 973 (1941); *Miller v. State,* 44 Tex.Cr.R. 99, 69 S.W. 522 (1902). *See also,* Annot., 66 A.L.R. 1483 (1962); Annot., 136 A.L.R. 177 (1942) (annotating *Miller v. Davis, supra* ); 53 Tex. Jur.2d *Statutes* § 91 (1964); 12 Tex.Jur.3d *Constitutional Law* § 41 (1981). "A legislative Act which contravenes the Constitution is a void Act. It amounts to nothing and accomplishes nothing." *Miller v. Davis,* 150 S.W.2d at 978.

Thus we need not decide the validity of the caption of H.B. 730, and we expressly do not address that issue. If the caption of H.B. 730 is valid, the amendment and therefore the indictment are valid. If the caption of H.B. 730 is unconstitutional, H.B. 730 is a nullity in the absence of a severability clause, but the pre-amendment Controlled Substances Act remains in effect. In either case, Applicant was indicted under a valid law. The validity of the statute as it existed prior to the latest amendment in the form of H.B. 730 is unchallenged in this appeal.

■ It is well settled that where the indictment was regularly presented by a grand jury regularly organized and there is a valid law under which the prosecution may be maintained, the Writ of Habeas Corpus cannot be used to test the sufficiency of the indictment. *Ex parte Dickerson,*

549 S.W.2d 202, 203 (Tex.Cr.App.1977); *Ex parte Oliver,* 374 S.W.2d 894, 895 (Tex.Cr. App.1964). This Court, therefore, has no jurisdiction to review the application.

The judgment of the trial court is affirmed.

ROBERTSON, J., not sitting.