Dear Mr. Wilkinson:
This office is in receipt of your opinion request in which you ask if the records of West Jefferson Service Corporation (WJSC) are subject to the Louisiana Public Records Law — La. R.S.44:1.
La. R.S. 44:1(A)(1) defines a "public body":
 "As used in this Chapter, the phrase `public body' means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function."
Using the guidelines set forth above, the inquiry which must be made is whether the West Jefferson Service Corporation, a nonprofit corporation created by the Hospital Service District No. 1 upon the authorization of the West Jefferson Parish Council, qualifies as a "public body" with the meaning of the Public Records Act.
As stated in the above statute, a "public body" does include a public or quasi-public nonprofit corporation. The distinctions between a public or quasi-public corporation and a private corporation are thoroughly explained in La. Atty. Gen. Op. No. 96-350.
 [A corporation is a "public corporation", as distinguished from a "private corporation," when it is created for a public purpose only, connected with the administration of government, and when its whole interests and franchises are the exclusive property and domain of the government itself. National Bank of Commerce in New Orleans v. Board of Supervisors of Louisiana State University and Agricultural Mechanical College, 206 La. 913, 20 So.2d 264 (1944).
 A "private corporation" is generally one created for private purposes and not classified as public, and distinguished from purely public purposes. Miller, et al. v. Davis, et al., 136 Tex. 299, 150 S.W.2d 973 (1941). "`Private corporation' are those whose direct objective is to promote private interests, and in which the public has no concern, . . . [which] derive(s) nothing from the government, except the right to be a corporation. . . ." Attorney General Opinion Nos. 93-595 and 78-1183.
 A "quasi-public corporation" is one affected with a public interest; (i.e., a class of private corporation) which, on account of special franchises conferred on them, owe a duty to the public which they may be compelled to perform. State, ex rel. Coco v. Riverside Irrigation, Co., Ltd., 142 La. 10, 76 So. 216 (1917). Quasi-public bodies are those bodies which are not strictly private bodies. Attorney General Opinion No. 78-1183.]
For further guidance as to whether WJSC qualifies as a "public body" we turn to State ex rel. Guste v. Nicholls CollegeFoundation, 564 So.2d 682 (La. 1990), and more specifically to one of the questions addressed by the Supreme Court to determine the status of the Nicholls State University Alumni Federation.
The Guste case required the Court to establish whether the Nicholls State University Alumni Federation, a nonprofit corporation, was a "public body" within the context of the Louisiana Public Records Law — La. R.S. 44:1 et seq. The Court ultimately concluded, ". . . the Federation, because of its close relationship with Nicholls State, [was] a "quasi-public" nonprofit corporation designated as an entity to perform a governmental or proprietary function, and, thus a "public body" for purposes of the Public Records Act." We must further note, as cited in Guste, ". . . the law favors a liberal construction of the public records law "so as to enlarge rather than restrict access to public records by the public."
In the instant case, we note the following factors you provided us to be relevant to conclude that the West Jefferson Service Corporation is a quasi-public corporation: (a) WJSC was created exclusively for the support and benefit of West Jefferson Medical Center (WJMC); (b) WJMC is a public hospital; (c) the members of the WJSC are also members of the WJMC board; (d) the WJSC meetings are regularly held at WJMC; (e) the address of the WJSC as listed in its articles of incorporation is also the address of WJMC; and (f) the WJSC pays the hospital for the use of the hospital's employees and office space.
Therefore, considering the liberal construction of the public records law as mentioned above, it is the opinion of this office that the West Jefferson Service Corporation, a nonprofit corporation created by the Hospital Service District No. 1 upon the authorization of the West Jefferson Parish Council, is a quasi-public corporation within the meaning of the Public Records Act because of its close relationship with the West Jefferson Medical Center, a public hospital; thereby causing the corporation to be subject to the Public Records Law — La. R.S.44:1 et seq.
We hope that this opinion answers all of your questions. If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: CHARLES H. BRAUD, JR. Assistant Attorney General