Dear Mr. Drummond:
You requested an Attorney General's opinion regarding a recent audit of the Louisiana Naval War Memorial Commission ("Commission"). You indicate that the Commission is a component unit of the State of Louisiana within the Department of Culture, Recreation and Tourism. The Louisiana Veterans Memorial Foundation ("Foundation") is considered a blended component of the Commission, in accordance with generally accepted accounting principles and the Foundation's financial information is reported with the Commission's information. The Foundation is a 501(c)(3) corporation and has received a determination letter from the Internal Revenue Service. The Foundation was formed in order to help raise funds for the Commission.
After a recent audit by the Commission's independent CPA, the Commission received an unqualified opinion on its financial statements for the year ended December 31, 2004. The auditor issued a management letter with one comment, noting that the Foundation has deposits with financial institutions exceeding the amounts insured by the FDIC. You advise that because the Foundation is not a state agency, the financial institutions will not provide securities as collateral for these excess amounts as required under Louisiana law. The auditor suggested that the Foundation move the excess funds to other financial institutions, ensuring that the balances in each account would not exceed the amount insured by the FDIC, in order to comply with Louisiana law.
Before proceeding with our legal analysis, we must first note that this office's role in the issuance of this opinion is to answer questions posed on issues of law. Our role is not to determine the prudence, efficiency, or fairness of decisions made by the public entity or to review the appropriateness of policies from a fiscal perspective, unless such decisions or policies violate law. You question whether the Foundation, a private non-profit corporation, is required to comply with the cash management laws and/or laws requiring deposit insurance and security of deposits.
La. R.S. 6:748(A)(2) governs the use of demand deposits and savings accounts as legal investments, and provides in relevant part: *Page 2 
 (2) Investments by banks and trust companies; by the state and its agencies, boards, commissions, departments, parishes, municipalities, or other political subdivisions of the state, and by other public bodies existing under the constitution and laws of the state shall not exceed at any one time the amount insured by the Federal Deposit Insurance Corporation in any one savings and loan association or savings bank, unless the uninsured portion is collateralized by the pledge of securities in the manner provided by R.S. 49:321, R.S. 33:2929, R.S. 39:1221, R.S. 39:1242, or any other provision of law.
As a state commission, the Commission is required to comply with the statutory limits on deposits contained in R.S. 6:748. However, the Foundation's funds are separately held by the Foundation. While the Foundation's financial information is required to be included in the Commission's financial statements by certain accounting principles, those accounting principles do not have any legal affect on the status of the Foundation. The Foundation is still a private non-profit corporation which is separate and distinct from the Commission. The Foundation does not fall within the provisions of R.S. 6:748 merely because its financial information is reported with that of the Commission.
While the Foundation is not a state agency, board, commission or department, R.S. 6:748 also applies to "other public bodies". The question then, is whether the Foundation is a public body for purposes of the statute. The term "public body" is not defined in Title 6 of the Revised Statutes. The broadest definition our office could find for a "public body" is contained in La. R.S.44:1:
 A. (1) As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function.
The distinctions between a public or quasi-public corporation and a private corporation are thoroughly explained in La. Atty. Gen. Op. No. 96-350:
 A corporation is a "public corporation", as distinguished from a "private corporation", when it is created for a public purpose only, connected with the administration of government, and when its whole interests and franchises are the exclusive property and domain of the government itself. National Bank of Commerce in New Orleans v. Board of Supervisors of Louisiana State University and Agricultural 
Mechanical College, 206 La. 913, 20 So.2d 264 (1944). A "private corporation" is generally one created for private purposes and not classified as public, and distinguished from purely public purposes. Miller, et al. v. Davis, et al., 136 Tex. 299, 150 S.W.2d 973
(1941). "`Private corporations' are those whose direct objective is to promote private interests, and in which the public has no *Page 3 
concern, . . . [which] derive(s) nothing from the government, except the right to be corporations. . . ." Attorney General Opinion Nos. 93-595 and 78-1183.
 A "quasi-public corporation" is one affected with a public interest; (i.e., a class of private corporations) which, on account of special franchises conferred on them, owe a duty to the public which they may be compelled to perform. State, ex rel. Coco v. Riverside Irrigation, Co., Ltd., 142 La. 10, 76
So. 216 (1917). Quasi-public bodies are those bodies which are not strictly private bodies. Attorney General Opinion No. 78-1183. This office has consistently held that quasi-public bodies (e.g., corporations) constitute those which are: (i) not strictly private bodies, (ii) primarily funded by public funds, and (iii) organized to serve a public purpose or provide a public service. Attorney General Opinion Nos. 93-595, 92-736, 90-271, 84-583, 78-1183, 77-1726 and 75-124.
You have indicated that the Foundation is strictly a private body and that the Foundation receives no public funds. The Foundation's only relationship with the state is that it acts as a fundraiser for the Commission. While it can be argued that the Foundation was organized to serve a public purpose, i.e. raising funds for the Commission, that alone would not cause the Foundation to be considered a quasi-public corporation. It does not appear that the Foundation has any special franchise conferred on it, and it does not owe a duty to the public which it may be compelled to perform.
Considering the foregoing, it is the opinion of our office that the Foundation is not a public body, and therefore, is not required to comply with the provisions of La. R.S. 6:748.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ______________________________ KENNETH L. ROCHE, III Assistant Attorney General