### BEAUMONT TRACTION COMPANY v. STATE OF TEXAS.

Decided November 20, 1909.

**1.—Street Cars—Vestibule Act—Constitutional Law—Case Distinguished.**

The provisions of section 1, chapter 112, of the General Laws of 1903, making it unlawful for street railway corporations to operate street cars during certain months without providing screens or vestibules for the protection of the motorman, is in violation of article 1, section 3 of the Constitution of the State, and of section 1, of the Fourteenth Amendment of the Constitution of the United States, in that it imposes duties and restrictions upon corporations operating electric street cars that are not imposed upon natural persons, firms or associations of persons engaged in the same business, and said Act is therefore unconstitutional and void and the penalties imposed thereby can not be enforced. Beaumont Trac. Co. v. State, 46 Texas Civ. App., 576, distinguished.

**2.—Same—Offense—Uncertainty.**

Said Act is void also because of tne uncertainty and doubt arising from the language of the Act as to what constitutes an offense thereunder, it being

impossible to determine therefrom whether it was the intention of the Legislature to make each trip of each car, or each day's operation of the cars a separate offense. Courts ought not to be required to make a blind guess at the intention of the Legislature.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Crook, Lord & Lawhon,* for appellant.—The court erred in rendering judgment for plaintiff against the defendant for the sum of $100 because the said Act of 1903 discriminates against corporations and imposes a penalty on corporations that is not imposed on individuals, co-partnerships and joint stock companies; and because said Act creates a special privilege to individuals, co-partnerships and joint stock companies engaged in the same class of business as corporations, and for these reasons the said Act is a violation of section 1 of the Fourteenth Amendment to the Constitution of the United States and of article 1, section 3; article 1, section 16, and of article 1, section 19 of the Constitution of this State, and of article 1, section 10 of the Constitution of the United States; and therefore the said Act of 1903 is unenforcible and void, and such judgment should not have been rendered. 14th Amend. to the Const. of the U. S.; art. 1, secs. 3, 16, 19 and 10, Texas Const.; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150; Juniata Limestone Co. v. Fagley, 42 L. R. A., 442, 67 Am. St. Rep., 580; Missouri, K. & T. Ry. Co. v. State, 100 Texas, 420, 426; San Antonio & A. P. Ry. Co. v. Wilson, 19 S. W., 910.

The court erred in overruling defendant's special exception contained in said answer to said petition, which is as follows: Defendant specially excepts to said petition because the said Act of 1903 is too vague, indefinite and uncertain in that it does not define what is a violation of said Act, and because the said Act does not define what constitutes a separate violation of the Act, nor when one violation of the said Act ceases and another begins, and it is impossible to determine what constitutes that offense that the law seeks to prohibit, and it is impossible to ascertain what penalties are prescribed on account of such uncertainty. 14th Amend. to the Const. of the U. S.; Missouri, K. & T. Ry. Co. v. State, 100 Texas, 420, 426; South. Stat. Const., sec. 322-324; Potter's Dwarris, 244-251; art. 1, secs. 16, 19, State Const.; art. 1, sec. 10, Const. of the U. S.; 5th Amend., Const. of the U. S.; State v. West Side St. Ry. Co., 47 S. W., 959; Louisville & N. Ry. Co. v. R. R. Com. of Tenn., 19 Fed., 679; State v. King, 17 So., 288; Griffin v. Interurban St. Ry. Co., 72 N. E., 513; Woodruff v. State, 52 Atl., 294.

No brief for appellee.

REESE, Associate Justice.—This is a suit instituted by the county attorney of Jefferson County, in the name of the State of Texas, against the Beaumont Traction Company, a corporation engaged in operating a line of electric street railway in the city of Beaumont, to recover penalties in the sum of $2,000 for violation of the provisions of section 1, chapter 112, Acts of the Twenty-eighth Legisla-

ture, approved April 3, 1903, making it unlawful for any corporation or receiver operating a line of electric railway to require or permit (with certain exceptions named in the Act) the operation upon its line of any electric car during the period beginning November 15th and ending March 15th of each year, unless the forward end be provided with a screen or vestibule for the protection of the motorman from wind and storm. A trial without assistance of a jury resulted in a judgment against defendant for $100, from which this appeal is prosecuted.

By appropriate pleadings in the trial court and assignments of error here, the question of the validity of the statute referred to is presented. Appellant's contention is that the provisions of the Act are in violation of article 1, section 3 of the Constitution of this State, and of section 1 of the Fourteenth Amendment to the Constitution of the United States, providing that the State shall not deny to any person within its jurisdiction the equal protection of the laws. The ground of the objection urged by appellant is that the statute in question imposes duties and restrictions upon corporations operating electric street cars that are not required of persons (not corporations), firms or associations of such persons engaged in the same business.

The Act in question is a penal statute and, according to the well-settled rule of construction of such statutes, must be strictly construed according to the plain import of the terms thereof. It is well settled that a corporation is a "person" within the meaning of section 1, article 3 of the Constitution of this State, and of section 1 of the Fifteenth Amendment to the Constitution of the United States. (Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 154.)

Looking to the terms of the Act in question, we think it clear that it must be limited in its application to "corporations;" that is, to associations of persons operating under a charter from the State; and that according to the plain import of the terms used, natural persons and partnerships, either of the ordinary kind or composed of persons associated together as joint stock associations, do not come under the provisions of the Act. The restrictions imposed by the Act upon the business of operating a line of electric street railway do not apply to such business if carried on by natural persons, firms or associations. Such would necessarily be the construction of the Act without involving the doctrine of strict construction of penal statutes, but that, under such principle, it must be so construed, is beyond question.

We think it can not reasonably be questioned that the restrictions upon the business of operating electric cars imposed by the Act are entirely proper and well within the recognized police power of the State, and would not be subject to the constitutional objection that any person is thereby deprived of the equal protection of the law guaranteed by the Federal Constitution, or that equality of legal rights protected by the Constitution of this State, if the Act operated equally upon all engaged in such business. But to single out corporations engaged in such business and impose upon them, as a class, restrictions from which all persons or associations of persons, other than corporations, engaged in the same business, under the same conditions, are exempt, is a violation of the provisions of both the Fourteenth Amendment of

the Federal Constitution and of article 1, section 3 of the Constitution of this State. A classification of corporations engaged in this business, resting alone upon the amount of their capital stock, could be just as logically sustained, and would have quite as much relation to the subject matter of the Act in question as the classification which the Legislature has, in fact, made. The constitutional provisions referred to do not require that no burdens shall be imposed upon one class of persons that are not imposed upon all classes, but only that such burdens so imposed "shall be applied impartially to all constituents of a class, so that the law shall operate equally and uniformly upon all persons in similar circumstances." (Kentucky R. R. Tax Cases, 115 U. S., 321; Barbier v. Connolly, 113 U. S., 27; Soon Hing v. Crowley, 113 U. S., 703; Missouri Pac. R. Co. v. Mackey, 127 U. S., 205; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150; Juniata Limestone Co. v. Fagley, 42 L. R. A., 442.) This claim of equality before the law protects not only natural persons, but also artificial persons, called corporations, who are regarded as persons under it. (Railway Co. v. Ellis, *supra.*) It is not necessary to multiply authorities upon the general question here involved.

It is no answer to the objection here urged to the Act in question that the Legislature acts upon existing or probable and not upon conceivable conditions, and that the operation of electric street railways by any person except a corporation is not an existing condition, no other person being in fact so engaged in this State.

If under the operation of our law no person other than a corporation could engage in such business, passing by the question of the constitutionality of any law imposing such limitations upon the rights of persons generally, it might be said that the Act in question applied equally, in fact, to all persons engaged in that business, and therefore did not operate to deprive such corporations of the equal protection of the law, but we know of nothing in the law nor in the character of the business that would prevent any person or association of persons, such as a firm or a joint stock association, from engaging in the business. Such joint stock association would not be a corporation within the meaning of that term as used in this Act. (Allen v. Long, 80 Texas, 265.) There is nothing either in the law or the character of the business to prevent other persons from engaging therein, and while it may possibly be a fact, of which we may take judicial notice, that the business of operating electric street railways is generally carried on by corporations, we can not, we think, take judicial notice of the fact, if it be a fact, that no other persons than corporations are so engaged in this State; and no matter what may be the present condition in this regard, it could not affect our judgment, if in fact there existed no reason, in the law nor in the character of the business, that would prevent other persons from engaging in the business whenever they should see fit to do so.

We conclude our opinion upon this question by the following quotation from the opinion of the Supreme Court of the United States in Gulf, C. & S. F. Ry. Co. v. Ellis, *supra.*

"While good faith and a knowledge of existing conditions on the part of a Legislature are to be presumed, yet to carry that presumption

to the extent of always holding that there must be some undisclosed and unknown reason for subjecting certain individuals or corporations to hostile and discriminating legislation, is to make the protecting clauses of the Fourteenth Amendment a mere rope of sand, in no manner restraining State action."

Our conclusion is that the Act in question is unconstitutional, and that the penalties imposed thereby can not be enforced.

If we consider only the language of the opinion of the Court of Civil Appeals of the Fourth District in Beaumont Traction Co. v. State (46 Texas Civ. App., 576), it would seem that this opinion is in conflict with the opinion of that court. It does not appear, however, from the opinion, that the question here decided was before the court in that case. Upon what grounds the constitutionality of the Act was challenged does not appear from the very meager opinion. The court refers to the case of State v. Whitaker (160 Mo., 59, 60 S. W., 1068), which the court says "involves the construction of a similar statute and decides as we have the questions involved in this case, after fully discussing them." If this be true, then neither of the questions here involved were decided in the case referred to. The statute under discussion in the Whitaker case, *supra*, applied by its terms to "persons, associations and corporations owning or operating street cars," and as to the penalty, imposed a fine of from $25 to $100 for every day that an electric street car is operated during the winter time without the screens for protection of the motorman. It will be seen that the objections here made to the Act in question could not have been urged to the Missouri statute, and a reading of the opinion in that case shows that its constitutionality was attacked upon quite other grounds than those here urged. We must conclude, therefore, that the questions here presented were not decided by the Court of Civil Appeals of the Fourth District in the case referred to, and that our opinion in no way conflicts therewith.

The further objection is made to the Act that in the matter of penalties imposed, the Act can not be enforced on account of the doubt and uncertainty arising from the language of the Act as to what constitutes an offense rendering appellant liable to such penalty. Section 1 of the Act provides that "It shall be unlawful for any corporation or receiver operating a line of electric street railway in the State of Texas to require or permit the operation upon its lines of any electric cars, etc." Section 2 provides that "any corporation . . . who shall violate any of the provisions of this Act shall be liable to the State of Texas for a penalty of not less than $100 nor more than $1,000 for each offense."

We must confess that we feel like we are groping in the dark when we endeavor to determine what shall constitute "each offense" for which a separate penalty is imposed. Shall it be each trip of each car, or each day's operation, or may the officers of the State make as many or few offenses as they may choose, to be determined by the frequency of suits filed for the recovery of such penalties? Courts ought not to be required to make a blind guess at the intention of the Legislature which would be merely "to allow conjectural interpretation to usurp

the place of judicial exposition." (Suth. Stat. Const., sec. 261; Missouri, K. & T. Ry. Co. v. State, 100 Texas, 420; Louisville & N. Ry. Co. v. R. R. Com. of Tenn., 19 Fed., 679; Crow v. Westside St. Ry. Co., 47 S. W., 959.) We are inclined to the opinion that this objection to the Act ought also to be sustained.

The general demurrer to the petition should have been sustained. This disposes of the case.

The judgment of the trial court is reversed and judgment here rendered for appellant.

*Reversed and rendered.*