

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 22, 1961

Honorable W. H. Pieratt                    Opinion No. WW-1068
Chairman, Liquor Regulations Committee
House of Representatives            Re:  Constitutionality of proposed
Austin, Texas                            amendment to H. B. 69 of the
                                         57th Legislature, 1961, amend-
                                         ing Subdivision (8) of Section
                                         15 of Article 1 of the Texas
                                         Liquor Control Act, Article
Dear Mr. Pieratt:                        666-15, Subdivision (8) V.P.C.

        Your letter of April 20, 1961, requests the opinion of this Depart-
ment as to the constitutionality of a proposed amendment to H. B. 69 relat-
ing to Subdivision (8) of Article 666-15, V.P.C.

        The proposed amendment attempts to substitute for Subparagraph (e)
of Subdivision (8) the following:

        "(e)  Any package store which is located in or on
        premises in which other business shall be the principal
        business, except those package stores located in hotels,
        hotel buildings or drug stores, shall be so arranged and
        constructed in such a manner that the said package store
        may be closed under lock or locks by use of sliding doors,
        show cases, partitions, or other adequate means; and the
        same shall be so closed and locked except during the
        hours of legal sales."

        Before discussing the pertinent parts of Subdivision (8) we respect-
fully call your attention to the fact that the above amendment is not properly
provided for in the caption of the bill.  Your caption to H. B. 69 reads in
part as follows:

        "...so as to provide that an adequate building for a
        package store shall be one opening on a public street or
        thoroughfare and containing no other principal business
        other than the liquor business; ..."

        Section 20(a), Article XVI, Constitution of Texas, authorizes the
Legislature to enact laws to carry out its purposes.  Such was done and the
Texas Liquor Control Board directed to enforce the laws enacted by the Legis-
lature relating to the sale of intoxicating liquors.  This section of the

Constitution grants to the Legislature the authority to place into law any type of authority not inconsistent with the Constitution of the State of Texas or the United States. The courts have liberally construed this constitutional provision and have affirmed the vested authority granted to the Legislature with relation to enforcement of the liquor laws.

Section 20(a), Article XVI of the Constitution is here quoted:

"The open saloon shall be and is hereby prohibited. The Legislature shall have the power, and it shall be its duty to define the term 'open saloon' and enact laws against such.

"Subject to the foregoing, the Legislature shall have the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors, including the power to establish a State Monopoly on the sale of distilled liquors."

In 1935 the Legislature passed the Liquor Control Act creating the Liquor Control Board as the enforcing agency. The Texas Liquor Control Act is found in Chapter 8, Title 11, Volume 1A, V.P.C. and extends from Article 666-1 through Article 667-31.

Section 3, Article 1, Constitution of Texas, provides as follows:

"All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

Section 1 of the 14th Amendment to the Constitution of the United States is as follows:

"Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

In 6 Tex. Jur. Supp. 377, Intoxicating Liquors, Sec. 4, it is said:

"The Liquor Control Act is a comprehensive statute, carefully drawn by the Legislature, and predicated upon

an exercise of the police power for the protection of
the welfare, health, peace, temperance, and safety of
the people of Texas..."

We take notice of the fact that there are numerous package store
permits granted under Subdivision (8) of Article 666-15, V.P.C., in which
the permit holder is authorized to sell liquor where the permittee operates
on premises where the sale of liquor is not the "principal business." Pack-
age store permits have been issued to drug stores, grocery stores, hotels,
and in buildings where there are numerous other principal businesses and
in which the permit holder's volume is not the "principal business" in the
building. There are numerous other classifications falling in this category,
in the naming of which we are not primarily interested. However, the vast
majority of package store permits are issued to stores that sell liquor
only and which are locked during hours when sale is prohibited.

Many of the above described package store permit holders have their
stock of liquors exposed and the facilities are not adequate to place the
goods under lock and key during the hours when it is illegal to make sales.
Proposed amendment (e) of Subdivision (8), supra, undertakes to exempt those
package stores located in hotels, hotel buildings or drug stores from the
requirement of providing facilities to close the package store and keep same
locked except during the hours of legal sale.

The police power is a grant of authority from the people to their
governmental agents for the protection of the health, the safety, the com-
fort and the welfare of the public; however, the police power is subject
to the limitations imposed by the Constitution. Spann v. City of Dallas,
111 Tex. 350, 235 S.W. 513 (1921).

We must look to the classification created, which would result from
the passage of the above proposed amendment, in order to determine whether
or not same would be construed as "class legislation" and be of such a
nature as to render it unconstitutional, both as to Section 3, Article 1,
Texas Constitution, and the 14th Amendment to the United States Constitution.

In 12 Am. Jur. 144-146, Constitutional Law, Secs. 478, 479, it is
said:

"§ 478. Application of Law to all Members. - A
fundamental principle involved in classification is that
it must meet the requirement that a law shall affect a-
like all persons in the same class and under similar con-
ditions. If a classification in legislation meets the pre-
requisites indispensable to the establishment of a class
that it be reasonable and not arbitrary, and be based upon
substantial distinctions with a proper relation to the
objects classified and the purposes sought to be achieved,

as long as the law operates alike on all members of the
class which includes all persons and property similarly
situated, it is not subject to any objections that it is
special or class legislation, and is not a violation of
the Federal guaranty as to the equal protection of the
laws.  Hence, while classification is proper, there must
always be uniformity within the class.  If persons under
the same circumstances and conditions are treated differently,
there is arbitrary discrimination, and not classification.

"§ 479.  Completeness of Inclusion of Members. - In order
for a classification to meet the requirements of constitution-
ality, it must include or embrace all persons who naturally
belong to the class..."

The same authority on pp. 151-153, says:

"§ 481.  Substantial Differences:  Proper Relationship
to Object. - The general rule is well settled by unanimity
of the authorities that a classification to be valid must
rest upon material differences between the persons in-
cluded in it and those excluded and, furthermore, must be
based upon substantial distinctions.  As the rule has
sometimes been stated, the classification, in order to
avoid the constitutional prohibition, must be founded
upon pertinent and real differences, as distinguished
from irrelevant and artificial ones.  Therefore, any law
that is made applicable to one class of citizens only must
be based on some substantial difference between the situation
of that class and other individuals to which it does not
apply and must rest on some reason on which it can be de-
fended.

"..."

Acts 42nd Leg. R.S. 1931, ch. 350, in an attempt to classify certain
counties as coming under the act to the exclusion of other counties was held
to have no reasonable basis to support the action of the Legislature in its
attempt to single out three (3) of several counties of the State of Texas
who are engaged in producing and marketing citrus fruits in common with the
excluded counties.  The excluded counties produced the same fruit under the
same circumstances as those of the favored counties and thus the act fell as
an improper classification under the Constitution.  (Atty. Gen. Op. 0-3363).

The court in San Antonio Retail Grocers v. Lafferty, 156 Tex. 474,
297 S.W.2d 813 (1957) held the "Sales Limitation Act" which was intended
to prohibit the practice of attracting customers through sale of "loss
leaders" invalid as denying equal protection of the laws on the ground that

there was no reasonable basis for applying the provisions of the act to grocery stores and exempting other stores therefrom.

In 9 Tex. Jur. 551, 555, 561, Constitutional Law, Secs. 115, 119 and 122, we find the following:

"§ 115.   Constitutional Provisions in General. - The constitution of the state of Texas (art. 1, § 3) guarantees to all persons equality of rights; and the federal constitution (fourteenth amendment) secures to every person equal protection of the laws.  The latter provision is a pledge of the protection of equal laws; it was designed to prevent any person or class of persons from being singled out as a special subject for discriminating and hostile legislation.

"As to what satisfies this equality has not been and probably never can be precisely defined.  Generally it has been said that it only requires the same means and method to be applied impartially to all the constituents of a class, so that the law shall operate equally and uniformly upon all persons in similar circumstances..." (Emphasis added.)

"§ 119.  Generally. - The legislature is conceded to have authority to classify subjects of legislation; nor is a law open to objection if it applies uniformly to those who are within a particular class.  The constitutional provisions do not require that no burdens shall be imposed upon one class of persons that are not imposed upon all classes, but only that burdens so imposed shall be applied impartially to all constituents of a class, so that the law shall operate equally and uniformly upon all persons in similar circumstances.

"'It seems well settled that the Legislature, and municipalities that in this respect have like power, may determine what differences and situations, circumstances and needs call for difference in classification, subject to the supervision of the courts as the final interpreters of the Constitution to see that it is actual classification and not special legislation under the name.'

"...

"§ 122.  Laws Applicable to Particular Classes. - As against attack on the score of discrimination, the courts have sustained statutes designed to apply to a variety of subjects.  Laws may be made to extend to all citizens, or be confined to particular classes,-as minors, married women, bankers,

common carriers, and the like. <u>A particular business</u> may require special statutory provisions, and if laws relating thereto be otherwise unobjectionable, all that can be required is <u>that they be general in their application to the class</u> to which they apply..." (Emphasis added.)

"...

"In some instances, however, laws have been held to be unconstitutional on the ground of discrimination. A statute imposing restrictions upon the operation of commercial motor vehicles, and exempting vehicles used in agricultural pursuits, has been held to be discriminatory and invalid. And the same has been held of a statute providing for recovery of a penalty and attorney's fees in a suit on an insurance policy where recovery in any sum may be had, regardless of whether the demand made of the company be for a greater sum than is due under the contract."

In the case of <u>Beaumont Traction Co. v. State</u>, 122 S.W. 615, (Civ. App. 1909) the court said:

"The controlling test of the validity of all laws directed against a particular class may be said to be that the same means and methods shall be impartially applied to <u>all the constituents of the particular class</u>, so that the law shall operate equally and uniformly upon all persons in the class sought to be regulated." (Emphasis added.)

The above quotations from the text books discuss and properly relate the rule that is established by interpretation of the numerous court decisions of the land. The subject under consideration insofar as it relates to the Federal Constitution, is ably stated in 12 Am. Jur. 133, 176 and 185. The rules therein stated concur with the rules stated in the other above texts.

We must look to the proposed amendment in order to try to determine whether or not the class legislation proposed is of such a nature that it will meet the constitutional test. The amendment attempts to define a "class" which applies to "any package store which is located in or on premises in which other business shall be the principal business <u>except those package stores located in hotels, hotel buildings or drug stores</u>, ...". This proposed act creates a classification but the result of the provisions would in fact create a separate class within the class by excepting hotels, hotel buildings and drug stores. From the facts that we have and a general knowledge of the type of businesses affected by this legislation we cannot see that the few businesses which are exempt under the act are chosen because of <u>some peculiar condition, circumstance</u> or condition of

the premises that would distinguish them from the others of the class. The singling out of certain businesses as exemptions through the amendment would raise the question as to whether the distinctions are based upon a classification resting upon a rational difference which necessarily distinguishes those of a particular class from those of other classes. The courts, as stated above, have held that it is vital to the validity of such legislation that such rational basis must exist, otherwise the action would constitute an arbitrary one and be violative of the Constitution. The facts appear that package stores in hotels, hotel buildings and drug stores are selling the same commodity in the same manner as the others within the class.

The classification provided for by the amendment is not founded upon any substantial difference between the two classes but denies one class the equal protection of the law by imposing upon it a burden which is not imposed upon competitors which are engaged in the same pursuit at the same time and under like circumstances and therefore violates Article 1, Section 3 of the Texas Constitution and the 14th Amendment of the United States Constitution. It grants to others privileges and immunities which, upon the same terms, shall not equally belong to all citizens in the class.

You are therefore respectfully advised that it is the opinion of this Department that the proposed amendment is unconstitutional in view of the above authorities as constituting an unreasonable and arbitrary classification discriminating against some permit holders and favoring others in the same class and denying those in the same class equal protection of the law.

## S U M M A R Y

The proposed amendment to H. B. 69 of the 57th Legislature, amending Paragraph (e), Subdivision (8) of Section 15 of Article 1 of the Texas Liquor Control Act, Article 666-15, Subdivision (8), V.P. C., is unconstitutional.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Harris Toler
Harris Toler
Assistant Attorney General

HT/br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Elmer McVey
Mary K. Wall

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Morgan Nesbitt