Rebecca Frances **GLASS, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 42299.

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Rehearing Denied March 4, 1970.

George E. Cochran, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., and John Brady, Rufus Adcock and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant was convicted for the murder of her husband; the punishment, two years.

The only complaint is that the trial court violated her constitutional right in refusing to permit her to file an application for probation by the jury after the finding of guilt and before the hearing on punishment.

Article 42.12, Sec. 3a, Vernon's Ann. C.C.P., provides, in part:

"* * * The jury may recommend probation upon written sworn motion made therefor by the defendant before the trial begins." [1]

This provision is somewhat analagous to Article 776, V.A.C.C.P. (1925),[2] which provided that the application for a suspended sentence should be filed before the trial begins. Cortez v. State, 144 Tex.Cr.R. 116, 161 S.W.2d 495, held it was not error where the trial court refused to allow an application for a suspended sentence to be filed after six jurors had been selected.

Appellant does not point out which, and there is no showing that any, constitutional right of appellant was violated or that the trial court abused its discretion.

The judgment is affirmed.

1. Article 37.07, Sec. 2(b), (2) and (3), V.A.C.C.P., provides: "(2) [I]n any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (3) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment."
Article 42.12, Sec. 3a, provides, in part: "[I]n all eligible cases, probation shall be granted by the court if the jury recommends it in their verdict. If probation is granted by the jury the court may impose only those conditions which are set forth in Section 6 hereof."
Article 42.12, Sec. 3c, provides: "Nothing herein shall limit the power of the court to grant a probation of sentence regardless of the recommendation of the jury or prior conviction of the defendant."

2. Article 776 was not made a part of the 1965 Code of Criminal Procedure and was repealed by Article 54.02 of the 1965 Code.