

# The Attorney General of Texas

December 15, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jim W. Weatherby, Chairman
School Tax Assessment Practices Board
3301 Northland Drive, Suite 500
Austin, Texas 78731

Opinion No. H- 1287

Re: Can article 8, section 1-d "agricultural use" tax treatment be applied to land owned by a partnership?

Dear Mr. Weatherby:

You ask whether land "owned in partnership" can qualify for agricultural use valuation when each of the partners can "meet the other qualification requirements" of article 8, section 1-d of the Texas Constitution. That provision of the Constitution begins:

> (a) All land owned by _natural persons_ which is designated for agricultural use in accordance with the provisions of this Section shall be assessed for all tax purposes on the consideration of only those factors relative to such agricultural use.

(Emphasis added).

If land "owned in partnership" is not land "owned by natural persons," it is apparent that the provision does not apply. "Persons are of two kinds: artificial and natural...." 70 C.J.S., _Person_ at 688. "A natural person is a human being...." 65 C.J.S., _Natural_ at 53. The Texas Supreme Court has made it clear that land owned by a partnership formed pursuant to the Texas Uniform Partnership Act, V.T.C.S. article 6132b, is to be treated for ad valorem tax purposes as property owned by a separate legal entity, an artificial person, and not as property owned by the partners as individuals. Nacogdoches Ind. Sch. Dist. v. McKinney, 504 S.W.2d 832 (Tex. 1974). It follows that land owned by a Texas partnership cannot qualify for special tax treatment under article 8, section 1-d of the Constitution.

In _Nacogdoches Ind. Sch. Dist. v. McKinney_, the Supreme Court reversed _McKinney v. Nacogdoches Ind. Sch. Dist._, 489 S.W.2d 161 (Tex. Civ. App. — Tyler 1973), but in doing so it expressly agreed with the holding of the intermediate court that

> [u]nder the existing statutory law of this state, ... for ad
> valorem tax purposes, a partnership constitutes a legal
> entity.

489 S.W.2d 169.  In that case, a taxpayer assessed personally for taxes against property held by two partnerships argued that he, though a partner, was not individually liable for the taxes because the property was owned by the partnership as a separate entity, and not by the partners themselves.  The Supreme Court agreed.

Dicta of the Beaumont Court of Civil Appeals in Driscoll Foundation v. Nueces County, 445 S.W.2d 1 (Tex. Civ. App. — Beaumont 1969), writ ref'd n.r.e. per curiam, 450 S.W.2d 320 (Tex. 1970) concluded that "natural persons such as partners, cotenants and trustees, etc." were "owners" not excluded from the classes benefited by the article 8, section 1-d amendment, but the Texas Supreme Court refused to concur, explaining that its action on the writ of error in the case should not be interpreted as approving the "natural persons" conclusion of the lower court. 450 S.W.2d 320.

The lower court there apparently reasoned that property held by partnerships, trust estates, and associations is owned by natural persons inasmuch as it is not owned by corporations.  The dichotomy is based on language in article 8, section 1 of the Constitution which specifies that all private property in the state "whether owned by natural persons or by corporations" shall be taxed.  But in 1876 when that language was placed in the Constitution, the term "corporation," (particularly when used in state constitutions) often embraced all artificial persons recognized in law as legal entities.  Andrews Bros. Co. v. Youngstown Coke Co., 86 F. 585 (6th Cir. 1898).  See Ala. Const. art. XIV, § 13 (1875); Mo. Const. art XII, § 11 (1875); Pa. Const. art. XVI, § 13 (1874).  Cf. Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449 (1900) (limited partnership "corporation" for some purposes, but not for purposes of federal court jurisdiction).  A "natural person" then as now was a human being.  Rapalje and Lawrence's Law Dictionary (1888), vol. II at 954.

In City of Mesquite v. Malouf, 553 S.W.2d 639 (Tex. Civ. App. — Texarkana 1977, writ ref'd n.r.e.), the Texarkana Court of Civil Appeals approached the matter in a manner similar to that used by the Beaumont Court, but concluded that the beneficiaries of a trust, rather than the trustees, "owned" the trust assets within the meaning of article 8, section 1-d of the Constitution. That court's discussion of the matter must also be regarded as inconclusive because the only holding of the court was that the trustees and particular beneficiaries involved there were not entitled to the benefit of the provision. Cf. V.T.C.S. art. 7425b-25(k) (trustee to pay taxes against trust estate).  Whether or not the Texas Supreme Court would agree that the individual beneficiaries of a trust are owners of the trust property for ad valorem tax purposes, it has come to a different conclusion with respect to partners and partnership property. Nacogdoches Ind. Sch. Dist. v. McKinney, supra. Cf. H. Rouw Co. v. Texas Citrus Commission, 247 S.W.2d 231 (Tex. 1952) ("natural

persons" statutorily contrasted with "firms, associations and corporations"); Miller v. Davis, 150 S.W.2d 973 (Tex. 1941) ("public charitable non-profit body corporate" with powers of unincorporated foundation was corporation within article 12, section 1 of the Constitution).

In our opinion, the Texas Supreme Court, if faced squarely with the issue, would probably hold that land owned by a Texas partnership cannot qualify for "agricultural use" tax treatment under the present article 8, section 1-d of the Texas Constitution. For a discussion of the background and purpose of the provision, see Gragg v. Cayuga Ind. Sch. Dist., 539 S.W.2d 861 (Tex. 1976), particularly note 2 at 864.

## S U M M A R Y

The Texas Supreme Court would probably hold that land owned by a Texas partnership cannot qualify for "agricultural use" tax treatment under the present article 8, section 1-d of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn